OPINION
Defendant-appellant David McDonald appeals from the Muskingum County Court's denial of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 18, 2000, appellant was cited for OMVI (operating a motor vehicle under the influence of alcohol) in violation of R.C.4511.19(A)(1) and Speeding in violation of R.C. 4511.21. Subsequently, appellant filed a Motion to Suppress on January 22, 2001, arguing, in part, that there was no probable cause to arrest him for OMVI. The following evidence was adduced at the March 31, 2001, hearing on appellant's motion.
On November 18, 2000, at approximately 2:14 a.m., Sergeant Roger Norris of the Ohio State Highway Patrol clocked appellant's vehicle at 90 M.P.H. in a 55 M.P.H. zone. After activating the overhead lights on his cruiser, the Sergeant made a u-turn and began pursuing appellant. As he was catching up to appellant's vehicle, Sergeant Norris observed the same turn into a driveway and then come to a stop. Appellant then exited his vehicle and began walking into the yard of a house. When Sergeant Norris asked appellant about his relationship with the people who lived in the house, appellant "didn't know who lived there or whose driveway he was in." Transcript of Suppression Hearing at 11.
Sergeant Norris then asked appellant for his driver's license and registration. After dropping items from his wallet onto the ground, appellant finally produced his driver's license. When the Sergeant told appellant why he had been stopped, appellant told the Sergeant that he "wasn't operating the vehicle." Transcript of Suppression Hearing at 14. At Sergeant Norris' request, appellant then took a seat in the patrol cruiser. While the two were seated in the cruiser's front seat, appellant again told Sergeant Norris that he hadn't been driving the car. During his conversation with appellant, the Sergeant noticed "a strong odor of an alcoholic beverage coming from him" and also noticed that appellant's eyes were red and glassy. Transcript of Suppression Hearing at 16. In addition, the Sergeant, who has received training on DWI arrests, noted that appellant's speech was "slurred somewhat." Transcript of Suppression Hearing at 16. When Sergeant Norris asked appellant if he had consumed any alcohol, appellant "said he had a few to drink earlier." Transcript of Suppression Hearing at 20.
Sergeant Norris then asked appellant to perform the horizontal gaze nystagmus test, which is a field sobriety test. However, appellant refused to perform such test and also refused to perform the walk and turn and one-leg stand tests. After Sergeant Norris explained to appellant that, based upon the evidence, he was going to arrest appellant for driving under the influence of alcohol, appellant "changed his mind and wanted to do the field sobriety test." Transcript of Suppression Hearing at 21. The first test Sergeant Norris administered was the walk and turn test, which he both explained and demonstrated to appellant. According to Sergeant Norris, in performing such test, appellant exhibited four out of seven clues that he was impaired. Sergeant Norris then had appellant perform the one-leg stand test. When questioned how appellant performed on the test, the Sergeant testified that he "noted four [out of five] clues on that." Transcript of Suppression Hearing at 26. Appellant was then arrested for OMVI.
As memorialized in a Decision filed on March 20, 2001, the trial court overruled appellant's Motion to Suppress, holding that "[a]t the time of the arrest, prior to field sobriety tests, State did have probable cause for the arrest." After appellant filed a "Request for Findings of Fact and/or Conclusions of Law", both parties, at the trial court's request, filed proposed findings of fact and conclusions of law. The trial court, on April 26, 2001, issued its findings and conclusions.
Thereafter, on May 22, 2001, appellant entered a plea of No Contest to the charges of OMVI and Speeding. Pursuant to a Judgment Entry filed on the same day, appellant was sentenced to 30 days in jail with 24 of the days suspended on the charge of OMVI. In addition, with respect to such charge, appellant was fined $985.00 and appellant's driver's license was suspended for a period of 180 days. Appellant was fined $100.00 with respect to the speeding charge
Appellant now appeals from the trial court's March 20, 2001, and May 22, 2001, Judgment Entries, raising the following assignments of error:
 I THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE EXISTED TO ARREST APPELLANT FOR OMVI WHEN NO FIELD SOBRIETY TESTS WERE ADMINISTERED.
 II THE TRIAL COURT ERRED ULTIMATELY IN FINDING PROBABLE CAUSE EXISTED TO ARREST APPELLANT FOR OMVI.
 I, II
Appellant, in his two assignments of error, contends that the trial court erred in overruling appellant's Motion to Suppress. Appellant specifically contends that there was no probable cause to arrest appellant for OMVI when, prior to appellant's arrest, no field sobriety tests had been administered.[1]
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, and Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
To determine whether an officer had probable cause to arrest an individual for operating a motor vehicle while under the influence of alcohol, the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol. State v.Medcalf (1996), 111 Ohio App.3d 142, 147, citing Beck v. Ohio (1964),379 U.S. 89, 91. The totality of the facts and circumstances must be considered when reviewing OMVI cases.
We find, under the totality of the facts and circumstances in the casesub judice, that Sergeant Norris had probable cause to arrest appellant for driving under the influence of alcohol. As is stated above, Sergeant Norris clocked appellant driving 90 M.P.H. in a 55 M.P.H. zone. As the Sergeant was pursuing appellant, appellant pulled into a stranger's driveway and began wandering in the stranger's yard. When the Sergeant asked appellant for his driver's license, appellant fumbled with his wallet and dropped items from the same onto the ground before finally producing his license. While appellant was seated in the patrol cruiser with Sergeant Norris, the Sergeant noticed that appellant smelled strongly of alcohol, that appellant's eyes were red and glassy and appellant's speech was slurred. Appellant, when questioned by Sergeant Norris, told the Sergeant that he had a few drinks earlier that day. Clearly, under the totality of the facts and circumstances, a prudent person would have concluded that appellant was driving while under the influence of alcohol. We find, therefore, that Sergeant Norris had probable cause to arrest appellant for OMVI even prior to administering any field sobriety tests.
Appellant's two assignments of error are, therefore, overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John Boggins, J. concurs.
[1] The trial court, in its April 26, 2001, Findings of Fact and Conclusions of Law, found that appellant was arrested after initially refusing to take the field sobriety tests.